IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                  **CRIMINAL NO. 1:84CR100**
                                        **CRIMINAL NO. 1:85CR33**
                                            **(Judge Keeley)**

**ERIC ARTHUR WALTON,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING RULE 35 MOTION

On January 27, 2006, pro se defendant Eric Arthur Walton ("Walton") filed a Motion for Correction of an Illegal Sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure ("Rule 35 Motion"). Walton is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania.

On February 13, 2006 and on May 11, 2006, Walton filed Motions of Judicial Notice, in which he asked the Court to take judicial notice of numerous cases that he argued supported his position. On May 23, 2006, Walton's Motion for Correction of an Illegal Sentence was referred to Magistrate Judge James E. Seibert. The United States filed its Response to Walton's Motion for Correction of an Illegal Sentence on June 21, 2006. Walton filed a Reply on July 3, 2006. On July 10, 2006 and again on August 21, 2006, Walton filed two more Motions of Judicial Notice, asking the Court to take notice of several more cases.

**USA v. ERIC ARTHUR WALTON**　　　　　　　　　　　　　　　　1:84cr100
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1:85cr33

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING RULE 35 MOTION

　　　On September 8, 2006, Magistrate Judge Seibert issued an Order Granting Defendant's Motions of Judicial Notice and a Report and Recommendation Recommending Defendant's Motion for Correction of an Illegal Sentence be Denied and Dismissed. In that Order, Magistrate Judge Seibert took judicial notice of the cases cited by Walton in his four motions. He then recommended that Walton's Motion for Correction of an Illegal Sentence be denied and dismissed with prejudice on the basis that Walton's Motion was untimely, because "Rule 35(a) required Walton to bring his Motion within seven days of sentencing." Magistrate Judge Seibert acknowledged that Walton had asked the Court to apply an earlier version of Rule 35(a), but stated that the Court would instead apply the current Rule.

　　　On September 18, 2006, Walton filed a timely objection to Magistrate Judge Seibert's Report and Recommendation. In this objection, Walton asserted that Magistrate Judge Seibert had erred in applying the version of Rule 35(a) of the Federal Rules of Criminal Procedure that was in effect in 2006, rather than the version in effect at the time of Walton's offense. On October 2, 2007, this Court sustained Walton's objections and referred the motion back to the Magistrate Judge for further review on the merits.

**USA v. ERIC ARTHUR WALTON**                          1:84cr100
                                                       1:85cr33
**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING RULE 35 MOTION**

On December 7, 2007, the Magistrate Judge issued a Report and Recommendation on the merits ("R&R"). In the R&R, the Magistrate Judge recommended that this Court deny Walton's motion. On December 20, 2007, Walton filed objections. On January 7, 2008, Walton filed a motion requesting leave to file additional objections which were attached to the motion. Although Walton filed this motion in case number 1:84cr100, that case was dismissed and the conviction he challenges occurred in case number 1:85cr33.

In the R&R, Magistrate Judge Seibert begins with a lengthy and detailed account of Walton's criminal history. The R&R also quotes extensively from the indictment and the transcript of the plea hearing. After a thorough analysis, Magistrate Judge Seibert recommended that the Court deny the motion on the basis that Walton's conviction was, in fact, a felony conviction and not a misdemeanor conviction, as asserted by Walton.

In both sets of objections, Walton argues that the magistrate judge erred in determining that the conviction was a felony conviction. Consequently, he contends, his sentence of eight (8) years imprisonment was illegal because the sentence exceeded one year. Walton quotes language from this Court's order of May 6,

3

| USA v. ERIC ARTHUR WALTON | 1:84cr100 |
|---|---|
| | 1:85cr33 |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING RULE 35 MOTION**

2005 in case number 1:03cv207. On the second page of that Order, the Court describes the conviction as follows:

> Thereafter, on March 11, 1985, Walton entered a guilty plea, again in the United States District Court for the Northern District of West Virginia, to using a telephone facility to obtain cocaine <u>for personal use</u> in violation of 21 U.S.C. 843(b) . . .

(emphasis added). Walton argues that this language is a finding of fact and conclusion of law which establishes that his conviction was, in fact, a misdemeanor. He further argues that, when the government did not object to this language, it waived any contrary arguments under <u>res judicata</u>.

Upon <u>de novo</u> review, viewing the record as a whole, the Court agrees with the Magistrate Judge that the conviction in question was a felony conviction, not a misdemeanor conviction. Walton pled to Count One of the Indictment in 1:85cr33. The plain language of the Indictment states that Walton is charged with distribution of cocaine. During the plea hearing, the Court twice asked Walton whether he was aware that he was pleading guilty to a felony. Twice Walton indicated that he understood. (p. 12, 14) Walton also indicated on the record that he understood that he could receive up to eight (8) years of imprisonment. (p. 15) On direct examination, the government's witness testified that one-quarter (1/4) pound of

cocaine was seized from Walton and that the telephone call in question involved a cocaine transaction. (p. 18) Walton agreed with this characterization on the record. (p. 19) The Judgment and Commitment Order in that case also stated that Walton had been convicted of the distribution of cocaine. To the extent that any dicta in a subsequent order of this Court appears to conflict with this overwhelming evidence, the Court finds that the weight of the evidence controls. Walton's conviction is a felony.

Consequently, the Court **GRANTS** Walton's Motion for Leave to Supplement His Objections (dkt. no. 53 in 1:85cr33 & dkt. no. 76 in 1:84cr100), **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt. no. 51 in 1:85cr33 & dkt. no. 74 in 1:84cr100), **OVERRULES** all of Walton's objections, **DENIES** Walton's Rule 35 motion (dkt. no. 55 in 1:84cr100) and **ORDERS** the Clerk to **CLOSE** both cases.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the pro se petitioner by certified mail, return receipt requested, and forward copies to all applicable counsel and government agencies.

Dated: January 11, 2008

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE